**MUSICK, PEELER & GARRETT LLP**

333 South Hope Street, Suite 2900
Los Angeles, California 90071-3048
Telephone (213) 629-7600
Facsimile (213) 624-1376

Lawrence A. Tabb (State Bar No. 141471)
 *l.tabb@musickpeeler.com*

Attorneys for Defendant LIBERTY MUTUAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| DAISY MORENO, an individual, and Guardian Ad Litem for a Minor, LANDON RICHARDSON MORENO, BRITTNEY KARINA MORENO, and DONOVAN RICHARDO MORENO, <br><br> Plaintiffs, <br><br> vs. <br><br> LIBERTY MUTUAL INSURANCE COMPANY, <br><br> Defendant. | Case No. <br><br> **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 AND 1441(b) [DIVERSITY JURISDICTION] BY DEFENDANTS; DECLARATION OF LAWRENCE A. TABB** <br><br> (San Bernardino County Superior Court, Case No. CIVSB2433137) <br><br> [*Filed Concurrently with Notice of Interested Entities or Persons and Civil Cover Sheet*] <br><br> DEMAND FOR JURY TRIAL |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant LIBERTY MUTUAL INSURANCE COMPANY ("LMIC" or "Defendant") removes this action from the Superior Court of the State of California for the County of San Bernardino to the United States District Court, Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 84(c)(1). Removal is proper for the following reasons.

## I.    INTRODUCTION

1.    On November 19, 2024, Plaintiffs Daisy Moreno, Landon Richardson Moreno, Brittney Karina Moreno, and Donavan Ricardo Moreno ("Plaintiffs") filed a Complaint against Defendant in the California Superior Court, County of San Bernardino, Case No. CIVSB2433137 ("State Action"). A copy of the Summons and the Complaint filed in the State Action is attached as Exhibit "A" to the Declaration of Lawrence Tabb ("Tabb Decl.") that is below. Plaintiffs did not serve the original Complaint and Summons on Defendant.

2.    On June 16, 2025, Plaintiffs filed a First Amended Complaint in the State Action. A copy of the Summons and the First Amended Complaint filed in the State Action is attached as Exhibit "B" to the Tabb Decl..

3.    Plaintiffs served the First Amended Complaint and Summons in the State Action on Defendant on July 22, 2025. A copy of the Proof of Service is attached as Exhibit "C" to the Tabb Decl.

4.    Defendant filed an Answer in the State Court Action on August 21, 2025. A copy of the Answer in the State Court Action is attached as Exhibit "D".

5.    Removal to the United States District Court, Central District of California is proper because the Central District includes San Bernardino County. 28 U.S.C. § 1441(a); *see also,* 28 U.S.C. § 84(c)(1).

6.    As explained below, there is complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds the Court's $75,000

MUSICK, PEELER & GARRETT LLP

3754637.1                                                    1

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 AND 1441(b) [DIVERSITY JURISDICTION] BY DEFENDANTS; DECLARATION OF LAWRENCE A. TABB

1  jurisdictional minimum.

2  **II.    THIS REMOVAL NOTICE IS TIMELY**

3      7.    As noted, Defendant  was served with the Complaint and Summons in
4  the State Action on July 22, 2025.

5      8.    The Notice of Removal of a civil action or proceeding shall be filed
6  within 30 days after receipt by the defendant, through service or otherwise, of a copy
7  of the initial pleading setting forth the claim for relief upon which such action or
8  proceeding is based ... ."  28 U.S.C. § 1446(b).

9      9.    Thirty days from the initial date of service on July 22, 2025 is August
10  21, 2025.  As this Notice is being filed before August 21, 2025, Defendant's Notice
11  of Removal is timely.

12  **III.    THIS COURT HAS ORIGINAL JURISDICTION OVER THIS ACTION**
13

14      10.    This is a civil action over which this Court has original jurisdiction based
15  on 28 U.S.C. § 1332, and is one which Defendant may remove to this Court under 28
16  U.S.C. § 1441(b) based on diversity of citizenship.

17      11.    Plaintiffs allege that they are individuals and are residents of the State of
18  California.  (Tabb Decl., Exhibit B, ¶¶ 4 – 7.)

19      12.    LMIC is a corporation organized under the laws of the State of
20  Massachusetts with its principal place of business in Boston, Massachusetts.
21  Attached as Exhibit "E" to the Tabb Decl. is a copy of Defendant's Annual Statement
22  evidencing that LMIC is a corporation organized under the laws of Massachusetts,
23  and that its principal place of business is Boston, Massachusetts.  Under relevant law,
24  "[a] corporation is domiciled where it is incorporated under the laws of a state or
25  where it maintains its principal place of business."  *Caston v. Hoffman-La Roche, Inc.,*
26  792 F. Supp. 3d 930, 942 (N.D. Cal. 2024).  "A corporation's principal place of
27  business is where it has its' 'nerve center,' that is, its' officers 'direct, control and
28  coordinate the corporation's activities.'"  *Id.* (quoting *Hertz Corp. v. Friend,* 559 U.S.

MUSICK, PEELER & GARRETT LLP

3754637.1                                          2

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 AND 1441(b) [DIVERSITY JURISDICTION] BY DEFENDANTS; DECLARATION OF LAWRENCE A. TABB

77, 92-93 (2010)).  A corporation's nerve center is 'where a corporation's officers direct, control, and coordinate the corporation's activities ... [a]nd in practice it should normally be the place where the corporation maintains its headquarters." *Bengtsson v. Caris MPI, Inc.,* No. 222CV02894MEMFJCX, 2022 WL 2764367 at *2 (C.D. Cal. July 13, 2022).

## IV.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

13.   The allegations in Plaintiffs' Complaint, coupled with the facts available to Defendant pertaining to Plaintiffs claim, demonstrate that the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a). Plaintiffs' action is for invasion of privacy, negligence, intentional infliction of emotional distress, trespass and violation of California Civil Code section 1708.8. Plaintiffs seek general and special damages according to proof and punitive damages in the amount of $10,000,000.  (*See* Exhibit "B", Prayer for Relief ¶¶ 1 – 2.)  Together, the damages Plaintiffs seek to recover easily exceed $75,000.  Accordingly, the amount in controversy exceeds the jurisdictional limit of $75,000, exclusive of interest and costs.

14.   Therefore, as there is complete diversity of citizenship, and the amount in controversy exceeds $75,000, this Court has original jurisdiction over the case under 28 U.S.C. § 1332(a).

## V.   THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

15.   Defendant has not previously sought similar relief with respect to this matter.

16.   Defendant will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, San Bernardino County, and will serve a copy on Plaintiffs, as required by 28 U.S.C. § 1446(b).

17.   Pursuant to 28 U.S.C. § 1446(a), Exhibits "A", "B", "C" and "D" to the Tabb Decl. are true and correct copies of all process and pleadings filed and served

MUSICK, PEELER & GARRETT LLP

3754637.1

3

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 AND 1441(b) [DIVERSITY JURISDICTION] BY DEFENDANTS; DECLARATION OF LAWRENCE A. TABB

1    upon Defendant in the State Action.

2        18.    The allegations in this Notice are true and correct, and this case is within

3    the jurisdiction of the United States District Court for the Central District of

4    California.

5    DATED:  August 21, 2025            MUSICK, PEELER & GARRETT LLP

6

7

8                                By:  _____

9                                    Lawrence A. Tabb

10                                   Attorneys for Defendant LIBERTY
                                     MUTUAL INSURANCE COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3754637.1                                4

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 AND 1441(b) [DIVERSITY JURISDICTION]
BY DEFENDANTS; DECLARATION OF LAWRENCE A. TABB

## DECLARATION OF LAWRENCE A. TABB

I, Lawrence A. Tabb, declare:

1.     I am an attorney duly admitted to practice before this Court and all courts of the State of California.  I am a partner with the law firm Musick, Peeler & Garrett LLP, counsel of record in this action for Defendant Liberty Mutual Insurance Company ("LMIC").

2.     I make this Declaration in support of Defendant's Notice of Removal of Action Under 28 U.S.C. §§ 1332 and 1441(b) [Diversity Jurisdiction]

3.     Attached hereto as Exhibit "A" is a true and correct copy of Plaintiff's Summons and Complaint in the State Action.  Defendant was not served with a copy of this original Complaint and Amended Summons.

4.     Attached hereto as Exhibit "B" is a true and correct copy of the Summons and First Amended Complaint in the State Action.

5.     Attached hereto as Exhibit "C" is a true and correct copy of the Proof of Service with regard to the Amended Summons and First Amended Complaint in the State Action.

6.     Attached hereto as Exhibit "D" is a true and correct copy of Defendant's Answer filed in the State Action on August 21, 2025.

7.     Attached hereto as Exhibit "E" is a true and correct copy of Defendant's Annual Statements copied to the National Association of Insurance Commissioners ("NAIC"), which evidences that LMIC is organized and incorporated under the laws of the States of Massachusetts with its principal place of business in Boston, Massachusetts.

8.     The allegations in Plaintiffs' Complaint, coupled with the facts available to Defendant pertaining to Plaintiffs claim, demonstrate that the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a). Plaintiffs' action is for invasion of privacy, negligence, intentional infliction of emotional distress, trespass and violation of California Civil Code section 1708.8.

MUSICK, PEELER & GARRETT LLP

3754637.1                                                5
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 AND 1441(b) [DIVERSITY JURISDICTION] BY DEFENDANTS; DECLARATION OF LAWRENCE A. TABB

1   Plaintiffs seek general and special damages according to proof and punitive damages
2   in the amount of $10,000,000.  (*See* Exhibit "B", Prayer for Relief ¶¶ 1 – 2.)  Together,
3   the damages Plaintiffs seek to recover easily exceed $75,000.   Accordingly, the
4   amount in controversy exceeds the jurisdictional limit of $75,000, exclusive of
5   interest and costs.

6       I declare under penalty of perjury under the laws of the United States of
7   America and the State of California that the foregoing is true and correct.  Executed
8   on August 21, 2025, at Los Angeles, California.

Lawrence A. Tabb

MUSICK, PEELER
& GARRETT LLP

3754637.1

6

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 AND 1441(b) [DIVERSITY JURISDICTION]
BY DEFENDANTS; DECLARATION OF LAWRENCE A. TABB

# EXHIBIT A

EXHIBIT A.docx

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LIBERTY MUTUAL INSURANCE COMPANY, KEVIN CALDWELL, TIM DETRICK, AND DOES 1
THROUGH 100,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAISY MORENO, AN INDIVIDUAL, AND GUARDIAN AD LITEM FOR A MINOR LANDON
RICHARDSON MORENO, BRITTNEY KARINA MORENO, AND DONOVAN RICARDO MORENO,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

San Bernardino Superior,  247 West Third Street San Bernardino, CA., 92415

| CASE NUMBER: | |
|---|---|
| *(Número del Caso):* | CIVSB2433137 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MANSFIELD COLLINS, SBN: 104049, 100 N. Barranca Ave., 7th Fl., West Covina, CA., 91791, 213-384-0982

| DATE:<br>*(Fecha)* | Clerk, by<br>*(Secretario)* _____ | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
11/19/2024 4:39 PM
By: Eric Rowe, DEPUTY

Mansfield Collins, Esq. SBN: 104049
**LAW OFFICES OF *MANSFIELD*COLLINS & ASSOCIATES**
100 N. Barranca St., 7th Fl.
West Covina, CA., 91791
213-384-0982
866-333-2045 Fax
Email: mansfield.collins@mansfieldcollinslaw.com, mansfieldcollins@gmail.com

Attorneys for **Daisy Moreno**, an individual, and guardian ad litem for a minor **Landon Richardson Moreno**, **Brittney Karina Moreno**, and **Donovan Ricardo Moreno**

# SUPERIOR COURT OF CALIFORNIA

# COUNTY OF SAN BERNARDINO

| | |
|---|---|
| **DAISY MORENO, AN INDIVIDUAL, AND GUARDIAN AD LITEM FOR A MINOR LANDON RICHARDSON MORENO, BRITTNEY KARINA MORENO, AND DONOVAN RICARDO MORENO,**<br><br>                    Plaintiff,<br><br>        vs.<br><br>**LIBERTY MUTUAL INSURANCE COMPANY, KEVIN CALDWELL, TIM DETRICK**, AND **DOES 1 THROUGH 100,**<br><br>        Defendants. | Case No.:  CIVSB2433137<br><br>*Honorable Judge*<br><br>**COMPLAINT FOR DAMAGES**<br><br>Date:<br>Time:<br>Dept.:<br><br>Trial:<br>FSC:<br><br>Complaint Filed: |

## INTRODUCTION

1.  Plaintiffs Daisy Moreno, Landon Richardson Moreno, Brittney Karina Moreno, and Donovan Ricardo Moreno bring this action against Liberty Mutual Insurance Company, its agents, and other unnamed conspirators for their egregious and unlawful conduct during an investigation targeting Plaintiffs under the guise of a workers' compensation claim involving Ricardo Moreno.

1

2.  Defendants engaged in illegal and invasive tactics, including drone surveillance, stalking, trespass, and harassment, causing emotional distress, loss of privacy, and reputational harm to Plaintiffs.

3.  At this time, Plaintiffs identify Defendants Liberty Mutual Insurance Company, Kevin Caldwell, Tim Detrick, and Does 1 through 100 as responsible for the unlawful activities alleged herein. Plaintiffs reserve the right to amend this Complaint to add additional defendants upon discovery of their identities and involvement.

**PARTIES**

4.  Plaintiff Daisy Moreno is an individual residing in San Bernardino County, California, and is the guardian ad litem for her minor child in this action.

5.  Plaintiff Landon Richardson Moreno, a minor born on October 9, 2014, resides in San Bernardino County, California, and is represented by his guardian ad litem, Daisy Moreno.

6.  Plaintiff Brittney Karina Moreno, resides in San Bernardino County, California.

7.  Plaintiff Donovan Ricardo Moreno, resides in San Bernardino County, California.

8.  Defendant Liberty Mutual Insurance Company is a corporation providing insurance services in California and managing workers' compensation claims, including the claim of Ricardo Moreno.

9.  Defendant Kevin Caldwell is an investigator employed by Liberty Mutual or one of its retained investigation agencies and directly participated in the unlawful surveillance and harassment of Plaintiffs.

10. Defendant Tim Detrick is an investigator employed by Liberty Mutual or one of its retained investigation agencies and directly participated in the unlawful surveillance and harassment of Plaintiffs.

11. Defendants Does 1 through 100 are individuals or entities who participated in, directed, or conspired in the unlawful conduct described herein. Plaintiffs are informed and believe, and thereon allege, that these Defendants acted in concert with Liberty Mutual and others to carry out the wrongful acts described in this Complaint.

**JURISDICTION AND VENUE**

12. This Court has jurisdiction under California Code of Civil Procedure § 410.10, as the damages sought exceed the jurisdictional minimum.

13. Venue is proper under California Code of Civil Procedure §§ 395(a) and 395.5, as the incidents giving rise to this action occurred in San Bernardino County, where Plaintiffs reside and where Defendants conduct business.

## AGENTS AND DOES

14. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 100, inclusive, and therefore sue these defendants under fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.

15. Plaintiffs are informed and believe, and thereon allege, that each Defendant, including those named as Does, was at all relevant times acting as an agent, employee, or representative of each of the other Defendants and, in doing the things herein alleged, was acting within the scope of such agency, employment, or representation.

16. Plaintiffs are further informed and believe that Does 1 through 100 conspired with the named Defendants to commit the wrongful acts alleged herein, and that each Defendant aided, abetted, or ratified the wrongful conduct of the other Defendants.

## FACTUAL ALLEGATIONS

17. Beginning in **January 2024**, Defendants initiated a coordinated surveillance campaign targeting Plaintiffs. This campaign included the use of drones, physical surveillance, and trespass, all of which violated Plaintiffs' rights and applicable laws.

18. Defendants surveilled Plaintiffs without lawful justification, often exceeding the permissible scope of a workers' compensation investigation and intruding into the private lives of Plaintiffs, including a minor child.

19. Specific Incidents of Unlawful Conduct

    a.   Unauthorized Drone Surveillance: Defendants operated drones over Plaintiffs' residence, hovering near bedroom windows, causing fear and anxiety among the Plaintiffs.

    b.   Harassment and Stalking: Investigators followed Daisy Moreno and her children during their daily activities, creating an atmosphere of fear and intimidation.

3

c.    Trespass: Investigators unlawfully entered Plaintiffs' property to obtain surveillance footage without authorization.

20. Defendants' actions were reckless, deliberate, and intended to intimidate Plaintiffs into submission regarding a workers' compensation claim.

21. These actions caused Plaintiffs severe emotional distress, fear for their safety, reputational harm, and other damages.

**FIRST CAUSE OF ACTION INVASION OF PRIVACY - INTRUSION UPON SECLUSION – ALL DEFENDANTS**

22. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

23. Defendants intruded into Plaintiffs' private lives by:

a. Conducting unauthorized drone surveillance over Plaintiffs' residence, including hovering near bedroom windows and recording private activities.

b. Following Plaintiffs, including **Landon Richardson Moreno**, a minor, in public and private spaces, causing fear and anxiety.

c. Conducting surveillance beyond any legitimate scope related to a workers' compensation claim, with no articulable suspicion of fraud.

24. Under California common law, intrusion upon seclusion requires:

a. Intentional intrusion into a private place, conversation, or matter.

b. A reasonable expectation of privacy.

c. The intrusion being highly offensive to a reasonable person. See **Sanders v. Am. Broad. Companies, Inc. (1999) 20 Cal.4th 907**.

25. Defendants' actions violated Plaintiffs' reasonable expectation of privacy in their home and personal lives, constituting a highly offensive intrusion.

26. As a result of Defendants' conduct, Plaintiffs suffered significant emotional distress, anxiety, and psychological harm.

**SECOND CAUSE OF ACTION NEGLIGENCE– ALL DEFENDANTS**

27. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

28. Defendants breached their duty of care to Plaintiffs by:

    a. Using drones to unlawfully surveil Plaintiffs without evidence or justification.

    b. Conducting invasive and excessive surveillance on **Landon Richardson Moreno**, a minor, and other Plaintiffs, causing emotional harm.

    c. Engaging in harassing and intimidating behavior that created unnecessary fear and distress among the Plaintiffs.

29. Under **California Civil Code § 1714**, everyone is responsible for injury caused by their lack of ordinary care.

30. Defendants' actions were reckless and negligent, failing to adhere to legal standards or investigative protocols.

31. As a direct and proximate result of Defendants' negligence, Plaintiffs suffered emotional distress, anxiety, and reputational harm.

**THIRD CAUSE OF ACTION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS– ALL DEFENDANTS**

32. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

33. Defendants' actions were extreme and outrageous, including:

    a. Hovering drones near the children's bedrooms and peeping into windows, causing significant emotional harm to **Landon Richardson Moreno** and other Plaintiffs.

    b. Following Plaintiffs during their daily activities, including school drop-offs and errands, creating an atmosphere of fear and intimidation.

    c. Engaging in a pattern of harassment designed to cause Plaintiffs emotional distress and force compliance with Defendants' objectives.

34. To establish a claim for intentional infliction of emotional distress, Plaintiffs must show:

    a. Extreme and outrageous conduct.

    b. Intent to cause, or reckless disregard for causing, severe emotional distress.

    c. Severe emotional distress suffered. See **Hughes v. Pair (2009) 46 Cal.4th 1035**.

35. Defendants knew or should have known that their actions would cause Plaintiffs severe emotional distress, including harm to vulnerable minor children.

36. As a result, Plaintiffs suffered extreme anxiety, loss of sleep, and other emotional damages.

**FOURTH CAUSE OF ACTION TRESPASS– ALL DEFENDANTS**

37. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

38. Defendants unlawfully entered Plaintiffs' property to conduct surveillance by:

   a. Physically entering the property without authorization to record and gather evidence.

   b. Trespassing onto private land to set up surveillance equipment near Plaintiffs' home.

39. Trespass is defined under California common law as an unauthorized entry onto the property of another. See **California Civil Code § 3334**, which permits recovery of damages for trespass.

40. Plaintiffs had a reasonable expectation of privacy and exclusive control over their property. Defendants' unauthorized entry violated these rights and caused Plaintiffs harm.

41. As a direct result, Plaintiffs suffered emotional distress, anxiety, and invasion of privacy.

**FIFTH CAUSE OF ACTION VIOLATION OF CALIFORNIA CIVIL CODE § 1708.8 (DRONE SURVEILLANCE LAW) – ALL DEFENDANTS**

42. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

43. Defendants conducted drone surveillance in violation of California Civil Code § 1708.8 by:

   a. Flying drones over Plaintiffs' property without consent to record private activities.

   b. Hovering drones near bedroom windows, causing fear and anxiety among Plaintiffs, particularly **Landon Richardson Moreno**, a minor.

44. California Civil Code § 1708.8 prohibits the use of drones to capture images or recordings of individuals in a private setting without consent.

45. Plaintiffs had a reasonable expectation of privacy in their home and its surroundings. Defendants' actions violated this right and caused significant harm.

46. Plaintiffs suffered emotional and psychological damages as a direct result of Defendants' illegal drone surveillance.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1. Compensatory damages according to proof.
2. Punitive damages in an amount sufficient to punish Defendants and deter future misconduct.
3. Injunctive relief to prevent further harassment and surveillance.
4. Attorneys' fees and costs incurred in this action.
5. Any other relief as the Court deems just and proper.

Dated: November 18, 2024             **RESPECTFULLY SUBMITTED,**

*Mansfield Collins*
_____

Mansfield Collins, Attorney for **DAISY MORENO,** AN INDIVIDUAL, AND GUARDIAN AD LITEM FOR A MINOR **LANDON RICHARDSON MORENO, BRITTNEY KARINA MORENO,** AND **DONOVAN RICARDO MORENO**

7

# EXHIBIT B

# FIRST AMENDED
# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
6/16/2025
By: Raymond Rojas, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LIBERTY MUTUAL INSURANCE
COMPANY, AND DOES 1 THROUGH 100,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAISY MORENO, AN INDIVIDUAL, AND GUARDIAN AD LITEM FOR A MINOR LANDON
RICHARDSON MORENO, BRITTNEY KARINA MORENO, AND DONOVAN RICARDO MORENO,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

San Bernardino Superior,  247 West Third Street San Bernardino, CA., 92415

| CASE NUMBER: (Número del Caso): | CIVSB2433137 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MANSFIELD COLLINS, SBN: 104049, 100 N. Barranca Ave., 7th Fl., West Covina, CA., 91791, 213-384-0982

DATE:    6/16/2025    Clerk, by    /s/ Raymond Rojas    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Mansfield Collins, Esq. SBN: 104049
**LAW OFFICES OF *MANSFIELD*COLLINS & ASSOCIATES**
100 N. Barranca St., 7th Fl.
West Covina, CA., 91791
213-384-0982
866-333-2045 Fax
Email: mansfield.collins@mansfieldcollinslaw.com,
mansfieldcollins@gmail.com

Attorneys for PLAINTIFF'S

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
6/6/2025 8:54 AM
By: Raymond Rojas, DEPUTY

## SUPERIOR COURT OF CALIFORNIA COUNTY

## OF SAN BERNARDINO

| | |
|---|---|
| **DAISY MORENO**, AN INDIVIDUAL, AND GUARDIAN AD LITEM FOR A MINOR **LANDON RICHARDSON MORENO, BRITTNEY KARINA MORENO, AND DONOVAN RICARDO MORENO**,<br><br>Plaintiff,<br><br>vs.<br><br>**LIBERTY MUTUAL INSURANCE COMPANY, AND DOES 1 THROUGH 100**,<br><br>Defendants. | Case No.: CIVSB2433137<br><br>*Honorable Judge*<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Invasion of Privacy – Intrusion Upon Seclusion<br>2. Negligence<br>3. Intentional Infliction of Emotional Distress<br>4. Trespass<br>5. Violation of California Civil Code § 1708.8<br><br>**DEMAND FOR JURY TRIAL**<br><br><br>Trial:<br>FSC: |

## INTRODUCTION

1. Plaintiffs bring this action against Liberty Mutual Insurance Company, and DOES 1 through 100, for an unlawful pattern of surveillance, intimidation, and privacy invasion

1

that continued well after the December 2024 settlement of Ricardo Moreno's workers' compensation claim and into March 2025. Liberty Mutual Insurance Company, as a licensed workers' compensation insurance carrier in the State of California, owed a duty to conduct its investigative, claims handling, and post-settlement activities in compliance with California statutory and regulatory requirements, industry standards, and principles of good faith and fair dealing. This includes the responsibility to act with reasonable diligence and care in initiating and terminating surveillance, to supervise and control the conduct of its retained investigators and agents, to refrain from retaliatory or excessive monitoring of claimants or their families, and to ensure that all activities undertaken on its behalf comply with applicable privacy laws, including Civil Code § 1708.8, and avoid conduct that is harassing, intimidating, or otherwise exceeds the lawful scope of insurance investigations. Liberty Mutual had a continuing obligation to protect the privacy, dignity, and legal rights of claimants and their families, including after resolution of any underlying claim, and to cease investigative acts not justified by pending legal proceedings or legitimate fraud concerns.

2. Liberty Mutual, through its agents and employees including but not limited to Tim Detrick and Kevin Caldwell, continued a targeted campaign of surveillance and intimidation against Plaintiffs with no legitimate legal purpose.

3. These actions appear to be retaliatory in nature, arising from Plaintiff Daisy Moreno's lawful participation in legal proceedings where she raised concerns of investigator misconduct.

## PARTIES

4. Plaintiff Daisy Moreno is a resident of San Bernardino County, California, and brings this action individually and as guardian ad litem for her three children.

5. Plaintiff Landon Richardson Moreno is a minor born October 9, 2014, and resides in San Bernardino County.

6.  Plaintiff Brittney Karina Moreno is a resident of San Bernardino County.

7.  Plaintiff Donovan Ricardo Moreno is a resident of San Bernardino County.

8.  Defendant Liberty Mutual Insurance Company is a corporation licensed to do business in California, providing workers' compensation insurance and related services.

9.  Plaintiffs are unaware of the true names and capacities of Defendants sued herein as DOES 1 through 100, and will amend this Complaint when such names are ascertained.

10. Plaintiffs allege that all DOE Defendants were employees, agents, representatives, or contractors of Liberty Mutual and acted within the course and scope of such agency or employment.

**11.** All conduct alleged herein by individuals previously named, including Tim Detrick and Kevin Caldwell, was performed in their capacities as employees, contractors, or agents of Liberty Mutual.

**JURISDICTION AND VENUE**

12. This Court has jurisdiction over this matter under Code of Civil Procedure § 410.10.

13. Venue is proper in this County pursuant to Code of Civil Procedure §§ 395(a) and 395.5 because the events giving rise to this complaint occurred in San Bernardino County.

**GENERAL ALLEGATIONS**

14. On August 29, 2017, Ricardo Moreno sustained a serious work injury, and his claim was administered by Liberty Mutual.

15. After a period of investigation and litigation, that workers' compensation claim settled in December 2024.

16. Despite this, Liberty Mutual, through its agents and DOES, continued to engage in surveillance and monitoring of Plaintiff Daisy Moreno and her children.

17. Plaintiffs allege that this conduct was not justified by any open claim or legitimate investigative interest.

18. Beginning in early 2024, and continuing through March 2025, surveillance intensified and included use of drones near Plaintiffs' windows, frequent monitoring of their residence, trespass, and following family members at school.

19. Plaintiffs were subjected to harassment, intimidation, and invasion of privacy in their own home and community and the filing of police reports and request for added police patrols for plaintiff's home.

20. Plaintiff Daisy Moreno identified Defendant Kevin Caldwell on multiple occasions, and reports to law enforcement confirmed presence of private investigators in her neighborhood.

21. These incidents caused significant emotional distress to plaintiff and her children in the form of nightmares, sleepless nights, fear of always being followed, headaches, and disrupted the Plaintiffs' quiet enjoyment of their home and there sense of safety.

## FIRST CAUSE OF ACTION

### Invasion of Privacy – Intrusion Upon Seclusion

(Against Liberty Mutual and DOES 1–100)

22. Plaintiffs reallege and incorporate paragraphs 1 through 21.

23. Defendants, acting as Liberty Mutual's agents and employees, intentionally intruded into Plaintiffs' private lives through surveillance.

24. This included drones hovering outside bedroom windows, unauthorized vehicle surveillance, and physical observation of Plaintiffs at their home, and school

25. Plaintiffs had a reasonable expectation of privacy at all relevant locations.

26. The methods used by Defendants would be highly offensive to a reasonable person and served no legal investigative function.

27. As a direct result, Plaintiffs suffered fear, emotional harm, and damage to their sense of security.

4

## SECOND CAUSE OF ACTION

### Negligence

(Against Liberty Mutual and DOES 1–100)

28. Plaintiffs reallege and incorporate paragraphs 1 through 27.

29. Defendants owed Plaintiffs a duty to refrain from negligent and unjustified surveillance after the workers' compensation case was settled.

30. Defendants breached this duty by continuing to monitor, follow, and harass Plaintiffs without cause.

31. Defendants failed to supervise their agents and failed to prevent tortious conduct.

32. As a proximate result, Plaintiffs experienced emotional harm and psychological distress.

## THIRD CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

(Against Liberty Mutual and DOES 1–100)

33. Plaintiffs reallege and incorporate paragraphs 1 through 32.

34. Defendants' conduct was extreme and outrageous, designed to frighten and intimidate Plaintiffs into silence or withdrawal from legal processes.

35. Defendants acted with intent to cause, or in reckless disregard of causing, severe emotional distress.

36. Plaintiffs, including minor children, were traumatized by surveillance at their home, school, and during daily life.

37. The distress caused includes panic attacks, sleeplessness, and interference with educational activities.

38.

## FOURTH CAUSE OF ACTION

### Trespass

(Against Liberty Mutual and DOES 1–100)

38. Plaintiffs reallege and incorporate paragraphs 1 through 37.

39. Defendants, including agents of Liberty Mutual, entered Plaintiffs' property without consent to install or operate surveillance equipment.

40. These intrusions were deliberate, unjustified, and constituted an invasion of possessory rights.

41. As a result, Plaintiffs suffered emotional distress and a loss of enjoyment of their home.

## FIFTH CAUSE OF ACTION

### Violation of Civil Code § 1708.8 (Drone Surveillance)

(Against Liberty Mutual and DOES 1–100)

42. Plaintiffs reallege and incorporate paragraphs 1 through 41.

43. Defendants used drones to capture video or images of Plaintiffs in and around their home without consent.

44. Civil Code § 1708.8 prohibits use of any device, including drones, to record individuals in their home or private activities without authorization.

45. Defendants' conduct violated Plaintiffs' privacy rights and caused injury.

46. Liberty Mutual is liable for this conduct under principles of respondeat superior and agency law.

## SIXTH CAUSE OF ACTION

### Negligent Violation of Civil Code § 1708.8

(Against Liberty Mutual and DOES 1–100)

47. Plaintiffs reallege and incorporate paragraphs 1 through 46.

48. Civil Code § 1708.8 prohibits the use of visual or auditory enhancing devices, including drones, to capture images, video, or sound recordings of individuals in a personal or familial setting without consent, when there is a reasonable expectation of privacy.

49. Defendants, through their agents and employees, including DOES 1 through 100, used drones to conduct surveillance on Plaintiffs' private property and around their home, including near bedroom windows, without permission or justification.

50. Defendants knew or should have known that this surveillance violated statutory prohibitions and created a risk of substantial harm to Plaintiffs.

51. Defendants failed to exercise reasonable care in supervising their agents and investigators, allowing them to conduct drone surveillance in a manner that violated Plaintiffs' rights under Civil Code § 1708.8.

52. This negligent conduct caused Plaintiffs to suffer emotional distress, anxiety, and a loss of their right to privacy.

53. Defendant Liberty Mutual is vicariously liable for the negligent acts of its agents, including those previously identified as Kevin Caldwell and Tim Detrick, who acted within the course and scope of their employment.

## SEVENTH CAUSE OF ACTION

### Punitive Damages

(Against Liberty Mutual and DOES 1–100)

54. Plaintiffs reallege and incorporate paragraphs 1 through 53.

55. Defendants, including agents and employees of Liberty Mutual, engaged in conduct that was fraudulent, malicious, and oppressive as defined in California Civil Code § 3294.

56. The surveillance, harassment, and privacy invasions alleged herein were carried out knowingly, with deliberate disregard for Plaintiffs' rights, and were calculated to inflict emotional distress, coerce silence, and retaliate against protected activity.

57. Defendants' conduct went far beyond the boundaries of legitimate investigation, occurring after resolution of the relevant workers' compensation case and targeting minor children, whose rights are entitled to heightened protection.

58. Defendant Liberty Mutual is liable for punitive damages under Civil Code § 3294(b) because the wrongful conduct was committed by its officers, directors, or managing agents, or with their authorization, ratification, or deliberate indifference.

59. As a proximate result of Defendants' willful and malicious conduct, Plaintiffs request an award of punitive and exemplary damages in an amount sufficient to punish and deter such misconduct in the future.

### EIGHTH CAUSE OF ACTION

### Injunctive Relief

(Against Liberty Mutual and DOES 1–100)

60. Plaintiffs reallege and incorporate paragraphs 1 through 59.

61. As a result of the continuing conduct described herein, including unlawful surveillance, harassment, and trespass, Plaintiffs have suffered and will continue to suffer irreparable harm.

62. Defendants, including Liberty Mutual and DOES 1 through 100, have demonstrated a pattern of conduct that is ongoing and will likely recur absent judicial intervention.

63. Plaintiffs lack an adequate remedy at law to prevent future invasions of privacy, emotional harm, and distress, as monetary compensation alone is insufficient to deter or redress future acts of surveillance or harassment.

64. Plaintiffs request that the Court issue a permanent injunction prohibiting Defendants, their agents, employees, contractors, and anyone acting on their behalf from engaging in any further surveillance, trespass, monitoring, or harassment of Plaintiffs or their family members.

65. Plaintiffs further request injunctive relief requiring Liberty Mutual to confirm in writing that it has ceased all investigative activities directed at Plaintiffs and has withdrawn any ongoing surveillance assignments.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request judgment against all Defendants as follows:

1. For general and special damages according to proof.
2. For punitive damages in the amount of $10,000,000.
3. For injunctive relief prohibiting further surveillance.
4. For statutory damages under Civil Code § 1708.8.
5. For attorneys' fees and costs.
6. For any other relief deemed proper by the Court.

Dated: June 5, 2025                                **RESPECTFULLY SUBMITTED,**

*Mansfield Collins*
_____
Mansfield Collins, Attorney for Plaintiffs

9

# EXHIBIT C

EXHIBIT C.docx

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Mansfield Collins SBN 104049<br>LAW OFFICE OF<br>MANSFIELDCOLLINS<br>100 N. Barranca St., 7th Fl.<br>West Covina, CA., 91791<br>    TELEPHONE NO: 213-384-0982         FAX NO *(Optional)*:  866-333-2045<br>E-MAIL ADDRESS *(Optional)*:  mansfieldcollins@gmail.com<br>    ATTORNEY FOR *(Name)*:   ALL PLAINTIFFS | ELECTRONICALLY FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br>8/4/2025 10:52 AM<br>By: Amalia Molina, DEPUTY |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| STREET ADDRESS:  247 West 3rd Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE:  San Bernardino, 92415 |
| BRANCH NAME:  Superior Court of California |

| PLAINTIFF / PETITIONER:  Daisy Moreno, an individual, And Guardian AD Litem For A Minor Landon Richardson Moreno, Brittney Karina Moreno, And Donovan Ricardo Moreno<br>DEFENDANT / RESPONDENT:  Liberty Mutual Insurance Company | CASE NUMBER:<br>CIVSB2433137 |
|---|---|

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>13772156 |
|---|---|

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:

   a.  [X]  summons

   b.  [X]  complaint

   c.  [ ]  Alternative Dispute Resolution (ADR) package

   d.  [ ]  Civil Case Cover Sheet *(served in complex cases only)*

   e.  [ ]  cross-complaint

   f.  [X]  other *(specify documents)*:   -Summons -SUM -100, -First Amended Complaint For Damages

3.  a.  Party served *(specify name of party as shown on documents served)*:

     Liberty Mutual Insurance Company

   b.  [X]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

     CSC Lawyers Incorporating Service - Rebecca Vang

4.  Address where the party was served:

   2710 Gateway Oaks Drive Suite 150N, Sacramento, CA 95833

5.  I served the party *(check proper box)*

   a.  [X]  by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:   Tue, Jul 22 2025              (2) at *(time)*:   10:03 AM

   b.  [ ]  by substituted service. On *(date)*:                    at *(time)*:                    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

     (1)  [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

     (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

     (3)  [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

     (4)  [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:            from *(city)*:                    or [ ] a declaration of mailing is attached.

     (5)  [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**PROOF OF SERVICE OF SUMMONS**

| PLAINTIFF / PETITIONER: Daisy Moreno, an individual, And Guardian AD Litem For A Minor Landon Richardson Moreno, Brittney Karina Moreno, And Donovan Ricardo Moreno | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: Liberty Mutual Insurance Company | CIVSB2433137 |

5.  c. ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
    (1)  on *(date)*:              (2)  from *(city)*:
    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)
    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
  d. ☐  **by other means** *(specify means of service and authorizing code section)*:

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐  as an individual defendant.
  b. ☐  as the person sued under the fictitious name of *(specify)*:
  c. ☐  as occupant.
  d. ☒  On behalf of *(specify)*:   Liberty Mutual Insurance Company
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| ☐ other: | |

7.  **Person who served papers**
  a.  Name:              Lance Casey
  b.  Address:         5015 Madison Ave -Unit #A90, Sacramento, CA 95841
  c.  Telephone number:   8006834769
  d.  **The fee for service was:**  $150
  e.  I am:
    (1)  ☐  not a registered California process server.
    (2)  ☒  exempt from registration under Business and Professions Code section 22350(b).
    (3)  ☐  a registered California process server:
       (i)  ☐ owner  ☐ employee  ☐ independent contractor
       (ii)  Registration No:
       (iii)  County:

8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or
9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  7/26/2025

Lance Casey

| | |
|---|---|
| (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL) | (SIGNATURE) |

# EXHIBIT D

1  **MUSICK, PEELER & GARRETT LLP**

2  333 South Hope Street, Suite 2900
   Los Angeles, California 90071-3048
3  Telephone (213) 629-7600
   Facsimile (213) 624-1376

4  Lawrence A. Tabb (State Bar No. 141471)
    *l.tabb@musickpeeler.com*

5
   Attorneys for LIBERTY MUTUAL
6  INSURANCE COMPANY

7

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9      **COUNTY OF SAN BERNARDINO, SAN BERNARDINO JUSTICE CENTER**

10

11  DAISY MORENO, an individual, and          Case No. CIVSB2433137
    Guardian Ad Litem for a Minor, LANDON
12  RICHARDSON MORENO, BRITTNEY               *[Assigned for all purposes to:*
    KARINA MORENO, and DONOVAN               *Hon. Thomas S. Garza, Dept. S27]*
13  RICARDO MORENO,

14            Plaintiffs,

15       vs.                                  **DEFENDANT LIBERTY MUTUAL
                                              INSURANCE COMPANY'S ANSWER TO
16  LIBERTY MUTUAL INSURANCE                  THE FIRST AMENDED COMPLAINT**
    COMPANY, and DOES 1 through 100,
17
              Defendants.
18

19

20         Defendant LIBERTY MUTUAL INSURANCE COMPANY ("Answering Defendant")

21  answers the First Amended Complaint of Plaintiffs DAISY MORENO, LANDON RICHARDSON

22  MORENO, and DONAVAN RICARDO MORENO ("Plaintiffs"), on file herein as follows:

23                              **GENERAL DENIAL**

24         Pursuant to California <u>Code of Civil Procedure</u> Section 431.30, Answering Defendant denies

25  generally and specifically each and every allegation contained in Plaintiffs' First Amended

26  Complaint and the whole thereof, and further denies that Plaintiffs have been damaged in any sum

27  or sums whatsoever, or at all, as a result of any conduct on the part of Answering Defendant.

28

## FIRST AFFIRMATIVE DEFENSE

### [Failure to State Cause of Action]

Each and every cause of action in Plaintiffs' First Amended Complaint, and/or the whole thereof, fails to state facts sufficient to constitute a cause of action against Answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

### [Statute of Limitations]

Plaintiffs' Complaint, and each and every cause of action alleged against Answering Defendant, is barred by the provisions of Code of Civil Procedure Sections 335.1, 337, 338, 339, 340 and/or other such statutes of limitations as may be applicable.

## THIRD AFFIRMATIVE DEFENSE

### [Laches]

Plaintiffs have unreasonably delayed in asserting the claims made against Answering Defendant and such claims, and each of them, are barred by reason of the fact that such delay has adversely affected Answering Defendant's ability to defend against such claims.

## FOURTH AFFIRMATIVE DEFENSE

### [Comparative Negligence]

Any and all events and/or happenings in connection with the alleged incidents complained of in Plaintiffs' Complaint, together with alleged resulting injuries and/or damages as prayed for therein, if any, were legally caused and contributed to by the negligence and fault of Plaintiffs and/or by others whose conduct is imputable to Plaintiffs, through failure to exercise ordinary care in the management and maintenance of his person and vehicle, so that the recovery by Plaintiffs is diminished by the proportion of said negligence and fault.

## FIFTH AFFIRMATIVE DEFENSE

### [Third-Party Responsibility]

Any and all events and happenings in connection with the accident complained of in Plaintiffs' First Amended Complaint, and the resulting injuries and damages suffered by Plaintiffs as pleaded therein, if any, were legally caused, and contributed to, by the negligence or otherwise by actions of third-parties, either named or unnamed, and Answering Defendant is entitled to an

1  apportionment among all such parties according to its responsibility for such injuries and damages

2  sustained by Plaintiffs, if any there were.

### SIXTH AFFIRMATIVE DEFENSE

#### [Intervening/Superseding Actions]

The injuries and damages allegedly suffered by Plaintiffs, if any there were, were a direct and legal result of the intervening and superseding actions by third-parties, whether named or unnamed, and not Answering Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

#### [Assumption of the Risk]

As a separate and distinct affirmative defense, this Answering Defendant is informed and believe and thereupon alleges that should any injury, loss and/or damage have occurred as Plaintiffs allege, Plaintiffs had knowledge or should have had knowledge of the dangers and risks, if any, that allegedly or otherwise caused such injury, loss and/or damage and voluntarily assumed the risk of such injury, loss and/or damage.

### EIGHTH AFFIRMATIVE DEFENSE

#### [Estoppel]

As a separate and distinct affirmative defense, this Answering Defendant is informed and believe and thereupon alleges that Plaintiff is estopped to seek recovery against this Answering Defendant.

### NINTH AFFIRMATIVE DEFENSE

#### [Waiver]

As a separate and distinct affirmative defense, this Answering Defendant is informed and believes and thereupon alleges that Plaintiffs have waived their right to proceed against this Answering Defendant.

### TENTH AFFIRMATIVE DEFENSE

#### [Unclean Hands]

Answering Defendant is informed and believes that Plaintiffs, through their conduct, intentional acts and omissions, are barred by the doctrine of unclean hands from recovering any

damages or other relief against Answering Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### [In Pari Delicto]

As a separate and distinct affirmative defense, this Answering Defendant is informed and believes and thereupon alleges that Plaintiffs' Complaint are barred because Plaintiffs acted *in pari delicto* in bringing about the damages they claim.

## TWELFTH AFFIRMATIVE DEFENSE

### [Failure to Mitigate]

Should any damage or injury have occurred as alleged in the First Amended Complaint, said damages or injuries have been caused or aggravated by the failure of Plaintiffs to take reasonable actions to avoid or mitigate such damage, and Plaintiff is, therefore, barred and foreclosed from obtaining recovery against Answering Defendant for such damage.

## THIRTEENTH AFFIRMATIVE DEFENSE

### [Non-Economic Damages]

As a separate and distinct affirmative defense, this Answering Defendant is informed and believes and thereupon alleges that if it is found to be negligent or otherwise liable (which is expressly denied, but stated only for purposes of this affirmative defense), this Answering Defendant contends that its liability, if any, for non-economic damages shall be several pursuant to the Fair Responsibility Act of 1986, including but not limited to Sections 1431.2, 1431.3, 1431.5 and 1432 of the California Civil Code, so that this Answering Defendant shall be liable only for the amount of non-economic damages allocated to this Answering Defendant in direct proportion to this Answering Defendant's percentage of fault, if any, and a separate judgment, if any, rendered against this Answering Defendant for that amount.

## FOURTEENTH AFFIRMATIVE DEFENSE

### [Offset]

Answering Defendant is informed and believes and thereon alleges that the losses to Plaintiffs, if any, have already been paid by third parties. Therefore, any damages that may be awarded against Answering Defendant must be offset by the full amount of any reimbursements or

payments Plaintiffs have already received from others.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Malice, Oppression, Fraud)

Plaintiffs' allegations of malice, oppression, or fraud are insufficient to sustain an award of punitive or exemplary damages against Answering Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Application of Civil Code Section 3294)

Answering Defendant is informed and believes and based thereon alleges that Plaintiffs cannot recover any amount for punitive damages as alleged in their First Amended Complaint because California Civil Code section 3294, pursuant to which punitive damages are sought, is void for vagueness, constitutes an unconstitutional penalty, violates specific State and Federal constitutional rights to procedural and substantive due process and equal protection under the laws thus exposing Answering Defendant to punishment more than once for the same alleged offense, violates the excessive fines clause of the Eighth Amendment of the United States Constitution, gives the finder of fact unlimited discretion in imposing damages, and violates Answering Defendant's rights to procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution.  The standard for punitive damages fails to comply with the procedural and substantive requirements for punitive damages set forth in *Mutual Automobile Ins. Co. v. Campbell* (2003) 538 U.S. 408 in that it lacks sufficiently objective criteria and procedural safeguards to give a jury adequate guidance on an appropriate range of proportionality for punitive damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity)

Answering Defendant is informed and believes and based thereon alleges that Plaintiffs' claims are barred by the Workers Compensation Exclusivity Rule pursuant but not limited to California Labor Code Section 3600 et seq.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### [Right to Amend]

Answering Defendant reserves the right to amend its answer and defenses, to assert

additional affirmative defenses, and to supplement, alter or change its answer upon revelation of more definite facts by Plaintiffs or other parties, and upon the undertaking of discovery and an investigation of this matter.

WHEREFORE, Answering Defendant prays as follows:

1.    That Plaintiffs take nothing from Answering Defendant;

2.    For a judgment in favor of Answering Defendant;

3.    For cost of suits; and,

4.    For such other and further relief as the court may deem just and proper.

DATED:  August 21, 2025                    MUSICK, PEELER & GARRETT LLP


By:    _____
       Lawrence A. Tabb
       Attorneys for LIBERTY MUTUAL INSURANCE
       COMPANY

1

## **PROOF OF SERVICE**

2

***Daisy Moreno, et al. v. Liberty Mutual Ins. Co.***
**Case No. CIVSB2433137**

3

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4

5

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 333 South Hope Street, Suite 2900, Los Angeles, CA 90071-3048.

6

7

On August 21, 2025, I served true copies of the following document(s) described as ***DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S ANSWER TO THE FIRST AMENDED COMPLAINT*** on the interested parties in this action as follows:

8

9

10

11

12

Mansfield Collins, Esq.
LAW OFFICES OF MANSFIELD COLLINS & ASSOCIATES
100 N. Barranca Street, 7th Floor
West Covina, California 91791
Telephone:  (213) 384-0982
Facsimile:   (866) 333-2045
Emails:        mansfield.collins@mansfieldcollinslaw.com
                    mansfieldcollins@gmail.com

13

☒    **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address t.waters@musickpeeler.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

14

15

16

☒    **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Musick, Peeler & Garrett LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Los Angeles, California.

17

18

19

20

21

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22

23

Executed on August 21, 2025, at Los Angeles, California.

24

25

_Tamara Waters_
_____
Tamara A. Waters

26

27

28

# EXHIBIT E



PROPERTY AND CASUALTY COMPANIES - ASSOCIATION EDITION

# ANNUAL STATEMENT

AS OF DECEMBER 31, 2024
OF THE CONDITION AND AFFAIRS OF THE

## Liberty Mutual Insurance Company

NAIC Group Code __0111__ __0111__   NAIC Company Code __23043__   Employer's ID Number __04-1543470__
(Current)  (Prior)

Organized under the Laws of __Massachusetts__ , State of Domicile or Port of Entry __MA__

Country of Domicile __United States of America__

Incorporated/Organized __01/01/1912__   Commenced Business __07/01/1912__

Statutory Home Office __175 Berkeley Street__ , __Boston, MA, US 02116__
(Street and Number)  (City or Town, State, Country and Zip Code)

Main Administrative Office __175 Berkeley Street__
(Street and Number)
__Boston, MA, US 02116__ , __617-357-9500__
(City or Town, State, Country and Zip Code)  (Area Code) (Telephone Number)

Mail Address __175 Berkeley Street__ , __Boston, MA, US 02116__
(Street and Number or P.O. Box)  (City or Town, State, Country and Zip Code)

Primary Location of Books and Records __175 Berkeley Street__
(Street and Number)
__Boston, MA, US 02116__ , __617-357-9500__
(City or Town, State, Country and Zip Code)  (Area Code) (Telephone Number)

Internet Website Address __www.LibertyMutualGroup.com__

Statutory Statement Contact __Joel Peltokangas__ , __617-357-9500__
(Name)  (Area Code) (Telephone Number)
__Statutory.Compliance@LibertyMutual.com__ , __603-430-1653__
(E-mail Address)  (FAX Number)

### OFFICERS

| | | |
|---|---|---|
| President and Chief Executive Officer | Timothy Michael Sweeney | Executive Vice President and Treasurer    Nikos Vasilakos |
| EVP, Chief Legal Officer and Secretary | Damon Paul Hart | |

### OTHER

| | | |
|---|---|---|
| Vlad Yakov Barbalat, EVP and Chief Investment Officer | Monica Alexandra Caldas, EVP and Chief Information Officer | Melanie Marie Foley, Executive Vice President |
| Neeti Bhalla Johnson, Executive Vice President | James Michael MacPhee, Executive Vice President | Hamid Talal Mirza, Executive Vice President |
| Julie Marie Haase #, EVP and Chief Financial Officer | Paul Sanghera, Executive Vice President and Comptroller | |

### DIRECTORS OR TRUSTEES

| | | |
|---|---|---|
| Vlad Yakov Barbalat | Monica Alexandra Caldas | Melanie Marie Foley |
| Neeti Bhalla Johnson | Damon Paul Hart | James Michael MacPhee |
| Hamid Talal Mirza | Julie Marie Haase # | Timothy Michael Sweeney |

State of __Massachusetts__   SS:
County of __Suffolk__

The officers of this reporting entity being duly sworn, each depose and say that they are the described officers of said reporting entity, and that on the reporting period stated above, all of the herein described assets were the absolute property of the said reporting entity, free and clear from any liens or claims thereon, except as herein stated, and that this statement, together with related exhibits, schedules and explanations therein contained, annexed or referred to, is a full and true statement of all the assets and liabilities and of the condition and affairs of the said reporting entity as of the reporting period stated above, and of its income and deductions therefrom for the period ended, and have been completed in accordance with the NAIC Annual Statement Instructions and Accounting Practices and Procedures manual except to the extent that: (1) state law may differ; or, (2) that state rules or regulations require differences in reporting not related to accounting practices and procedures, according to the best of their information, knowledge and belief, respectively.  Furthermore, the scope of this attestation by the described officers also includes the related corresponding electronic filing with the NAIC, when required, that is an exact copy (except for formatting differences due to electronic filing) of the enclosed statement. The electronic filing may be requested by various regulators in lieu of or in addition to the enclosed statement.

| | | |
|---|---|---|
| Timothy Michael Sweeney | Damon Paul Hart | Nikos Vasilakos |
| President and Chief Executive Officer | EVP, Chief Legal Officer and Secretary | Executive Vice President and Treasurer |

Subscribed and sworn to before me this
__21st__ day of __January, 2025__



a. Is this an original filing? ...................... Yes [ X ]  No [   ]
b. If no,
  1. State the amendment number........
  2. Date filed .........................................
  3. Number of pages attached............

# **CERTIFICATE OF SERVICE**

## **Daisy Moreno v. Liberty Mutual Ins. Co.**
### **Case No.**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, Suite 2900, Los Angeles, CA 90071-3048.

On August 21, 2025, I served true copies of the following document(s) described as ***NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 AND 1441(B) [DIVERSITY JURISDICTION] BY DEFENDANTS; DECLARATION OF LAWRENCE A. TABB*** on the interested parties in this action as follows:

Mansfield Collins, Esq.
LAW OFFICES OF MANSFIELD COLLINS & ASSOCIATES
100 N. Barranca Street, 7th Floor
West Covina, California 91791
Telephone: (213) 384-0982
Facsimile: (866) 333-2045
Emails:
    mansfied.collins@mansfieldcollinslaw.com
    mansfieldcollins@gmail.com

☒   **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Musick, Peeler & Garrett LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

☒   **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 21, 2025, at Los Angeles, California.

*Tamara Waters*
_____
Tamara A. Waters

MUSICK, PEELER & GARRETT LLP

3754637.1

1

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 AND 1441(b) [DIVERSITY JURISDICTION] BY DEFENDANTS; DECLARATION OF LAWRENCE A. TABB